**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA (LINCOLN)**

_____

ADAM L. HUNT,                                           CASE NO.
     Plaintiff,

       vs.                                                   Judge
                                                       Magistrate Judge
EQUIFAX INFORMATION SERVICES,
LLC; TRANS UNION, LLC; FIRST
ADVANTAGE BACKGROUND
SERVICES, CORP.; and KABREDLOS
PROPERTY, INC.;
        Defendants.

_____

**TRANS UNION, LLC'S NOTICE OF REMOVAL**

_____

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Trans Union, LLC ("Trans Union") hereby removes the subject action from the District Court of Lancaster County, Nebraska, to the United States District Court for the District of Nebraska (Lincoln), on the following grounds:

1.     Plaintiff Adam L. Hunt served Trans Union on or about November 9, 2016, with a Summons and Complaint filed in the District Court of Lancaster County, Nebraska. Copies of the Summons and Complaint are attached hereto, redacted pursuant to Federal Rule of Civil Procedure 5.2, as **Exhibit A** and **Exhibit B**. No other process, pleadings or orders have been served on Trans Union.

2.     Plaintiff makes claims under, alleges that Trans Union violated and alleges that Trans Union is liable under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA"). See Complaint ¶¶ 33-43.

3.     This Court has original jurisdiction over the subject action pursuant to 28 U.S.C. § 1331 since there is a federal question.  As alleged, this suit falls within the FCRA which thus supplies this federal question.

4.     Pursuant to 28 U.S.C. § 1441, et seq., this cause may be removed from the District Court of Lancaster County, Nebraska, to the United States District Court for the District of Nebraska (Lincoln).

5.     Counsel for Trans Union has confirmed with the District Court of Lancaster County, Nebraska, by telephone, that they have no document or file suggesting any other Defendant has been served.  To the best of Trans Union's knowledge, no other named Defendant in this matter has been served as of the date and time of this Notice Of Removal.

6.     Notice of this removal will promptly be filed with the District Court of Lancaster County, Nebraska and served upon all adverse parties.

WHEREFORE, Defendant Trans Union, LLC, by counsel, removes the subject action from the District Court of Lancaster County, Nebraska to this United States District Court for the District of Nebraska (Lincoln).

Dated:  December 13, 2016.

Respectfully submitted,


s/ Randall L. Goyette
Randall L. Goyette, Esq.
Bar No. 16251
Baylor, Evnen, Curtiss, Grimit & Witt, LLP
1248 O Street, Suite 600
Lincoln, NE  68508
Telephone:  402-475-1075
Fax:  402-475-9515
E-Mail:  rgoyette@baylorevnen.com

Local Counsel for Defendant, Trans Union, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **13th day of December, 2016**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| None. | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **13th day of December, 2016**, properly addressed as follows:

| **for Plaintiff Adam L. Hunt**<br>Tregg Lunn, Esq.<br>Law Office of Tregg Lunn<br>830 L Street, Suite 200<br>Lincoln, NE  68508 | |
|---|---|

*s/  Randall L. Goyette*
Randall L. Goyette, Esq.
Bar No. 16251
Baylor, Evnen, Curtiss, Grimit & Witt, LLP
1248 O Street, Suite 600
Lincoln, NE  68508
Telephone:  402-475-1075
Fax:  402-475-9515
E-Mail:  rgoyette@baylorevnen.com

*Local Counsel for Defendant, Trans Union, LLC*

# EXHIBIT "A"

## Summons to Trans Union, LLC

Image ID:
D00500302D02

**SUMMONS**

Doc. No.   500302

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln              NE 68508

Adam L Hunt v. TransUnion, LLC

Case ID: CI 16    4279

TO:  Trans Union LLC

**FILED BY**
Clerk of the Lancaster District Court
12/05/2016

You have been sued by the following plaintiff(s):

    Adam L Hunt

Plaintiff's Attorney:     Tregg R Lunn
Address:                  830 L St, Suite 200
                          Lincoln, NE 68508-2205

Telephone:                (402) 730-7021

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date:  DECEMBER  5, 2016     BY THE COURT:   _Troy L Tiwk_
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Trans Union LLC
        Prentice-Hall Corporation Systems
        230 S 13th St, Ste 1900
        Lincoln, NE 68508

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

# EXHIBIT "B"

## Complaint to Trans Union, LLC

IN THE DISCTICT COURT OF LANCASTER COUNTY, NEBRASKA

ADAM L. HUNT,

               Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC,
TRANS UNION, LLC, FIRST ADVANTAGE
BACKGROUND SERVICES, CORP., AND
 KABREDLOS PROPERTY, INC.,

               Defendants.

Case Number: _CI 16- 4279_

COMPLIANT AND JURY
DEMAND

COMES NOW Plaintiff Adam L. Hunt ("Plaintiff"), by and through counsel, and for

Plaintiff's causes of action against Defendants states as follows:

    1.     Plaintiff is a resident of Nebraska.

    2.     Defendant Equifax Information Systems, LLC ("Equifax") is a Delaware
Limited Liability

Company.

    3.     At all times relevant hereto, Defendant Equifax was and is engaged in the

business of credit reporting, all within Nebraska.

    4.     Defendants Trans Union LLC ("Trans Union") is an Illinois corporation.

    5.     At all times relevant hereto, Defendant Trans Union was and is engaged in

the business of credit reporting, all within Nebraska.

    6.     Defendant First Advantage Background Services Corp. ("First Advantage")

is a Florida corporation.

1

7.     At all times relevant hereto, Defendant First Advantage was and is engaged in the business of reporting background checks, including eviction information, all within Kansas and Nebraska.

8.     Defendant Kabredlo's Property, Inc. is a Nebraska corporation.

9.     At all times relevant hereto, Defendant Kabredlo's Property, Inc. was and is engaged in the business of leasing residential real estate, all within Nebraska.

10.     On April 23, 2014, Defendant Kabredlo's Property, Inc. leased an apartment commonly known as 2000 J. St., Apartment 9, Lincoln, Nebraska to Plaintiff and an individual named Zhi Dian.

11.     On February 2, 2015, Plaintiff was released from all obligations under the April 23, 2014 lease by Defendant Kabredlo's Property, Inc., in writing, and Zhi Dian assumed all obligations.

12.     In April, 2015, Defendant Kabredlo's Property, Inc. began eviction proceedings against Zhi Dian to evict him from 2000 J. St., Apartment 9, Lincoln, Nebraska.

13.     In April 2015, Defendant Kabredlo's Property, Inc. filed case number CI154577 in the County Court of Lancaster County alleging Zhi Dian, Plaintiff (Adam Hunt), John Doe and Jane Doe were named as Defendants in the action.

14.     On April 27, 2015, Defendant Kabredlo's Property, Inc. took a default judgment against Zhi Dian and Plaintiff alleging to have obtained service on Plaintiff at 2000 J. St., Apartment 9, Lincoln, Nebraska.

15.     As of April 27, 2015, Defendant Kabredlo's Property, Inc. was aware that

Plaintiff had vacated the property of 2000 J. St., Apartment 9, Lincoln, Nebraska months prior.

16.     Subsequent to April 27, 2015, Defendants Equifax and Trans Union began reporting on Plaintiff's credit reports that he was liable for a judgment rendered in County Court of Lancaster County for $2,444.00.

17.     Subsequent to April 27, 2015, First Advantage began reporting that Plaintiff had an eviction history, including a judgment rendered in County Court of Lancaster County.

18.     In December 2015, Plaintiff became aware of the judgment and contacted Defendant Kabredlo's Property, Inc.

19.     After contacting Defendant Kabredlo's Property, Inc., Plaintiff was informed by Defendant Kabredlo's Property, Inc. that he was placed on the lawsuit only because he was the only tenant on the original lease who had a social security number.

20.     Plaintiff was informed by Defendant Kabredlo's Property, Inc. that Defendant Kabredlo's Property, Inc. would file a motion to vacate the judgment as to Plaintiff.

21.     The Motion to Vacate the Judgment was filed and an Order vacating the judgment was entered by the County Court of Lancaster County on December 8, 2015.

22.     The judgment was set aside on December 8, 2015.

23.     Following December 8, 2015, Defendants Equifax, Trans Union, and First Advantage were reporting a judgment as due and owing on Plaintiff's credit report, which is false, inaccurate, and materially misleading to any person or entity who viewed Plaintiff's credit report.

3

24.    In November, 2016, Plaintiff, in attempting to relocate to Overland Park, Kansas, applied for housing.

25.    As part of the application process, Plaintiff's rental history, as provided by Defendant First Advantage was obtained by prospective landlords.

26.    First Advantage was reporting (1) an eviction filed on April 14, 2015, (3) an eviction judgment on April 27, 2015 and (3) an eviction judgment as of May 21, 2015.

27.    The First Advantage report did not report the updated status occurring on December 8, 2015 and was incomplete and misleading.

28.    Because the First Advantage report was incomplete and misleading, Plaintiff was denied housing, limited in his choices, and otherwise had to pay more for housing.

29.    Plaintiff was denied credit and the ability to finance an automobile and secure housing because of Defendant Kabredlo's Property, Inc. wrongful prosecution and Defendants Equifax, Trans Union and First Advantage's lack of procedures to monitor public record once it reports a judgment.

30.    The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and his credit worthiness.

31.    Defendants Equifax, Trans Union and First Advantage have no means of monitoring or updating judgments once they are placed on Plaintiff's credit report.

32.    Defendants Equifax, Trans Union, and First Advantage have been reporting inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information").

## COUNT I

### Violations of the FCRA – Defendants Equifax, Trans Union, and First Advantage

COMES NOW Plaintiff and for Count I against the Defendants Equifax, Trans

Union, and First Advantage states and alleges to the Court as follows:

33.     Plaintiff incorporates the foregoing paragraphs as though the same were

set forth at length herein.

34.     This is an action for damages brought by an individual consumer against

the Defendants First Advantage, Equifax and Trans Unions for violations of the Fair

Credit Reporting Act (hereafter "FCRA") 15 U.S.C. § 1681 *et seq.*

35.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C.

§ 1331.

36.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

37.     At all times pertinent hereto, Equifax regularly engaged in whole or in part

in the practice of assembling or evaluating consumer credit information or other

information on consumers for the purpose of furnishing consumer reports to third

parties, and which uses any means or facility of interstate commerce for the purpose of

preparing or furnishing consumer reports.

38.     At all times pertinent hereto, Trans Union, LLC regularly engaged in whole

or in part in the practice of assembling or evaluating consumer credit information or

other information on consumers for the purpose of furnishing consumer reports to third

parties, and which uses any means or facility of interstate commerce for the purpose of

preparing or furnishing consumer reports.

5

39.     At all times pertinent hereto, First Advantage regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

40.     At all times pertinent hereto, the Plaintiff is a individual and hence a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

41.     At all times pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. § 1681b.

42.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants Equifax, Trans Union, and First Advantage are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. § 1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

43.     The conduct of Defendants Equifax, Trans Union, and First Advantage were a direct and proximate cause, as well as a substantial factor, in bringing about the

6

serious injuries, actual damages and harm to the Plaintiff and, as a result, Defendants Equifax, Trans Union, and First Advantage are liable to the Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants Equifax, Trans Union, and First Advantage based on the following requested relief:

a.    Actual damages;

b.    Statutory damages for all willful violations;

c.    Punitive damages

d.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

e.    Such other and further relief as may be necessary, just and proper

## COUNT II

## Malicious Prosecution — Defendant Kabredlo's Property, Inc.

COMES NOW Plaintiff and in support of Count II of his cause of action against Defendant Kabredlo's Property, Inc., states and alleges as follows:

44.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45.    Defendant Kabredlo's Property, Inc., maliciously intended to injure the Plaintiff by instituting of an eviction without probable cause for the filing.

46.    Plaintiff eventually prevailed on the claim when the judgment was set aside.

7

47.     Defendant Kabredlo's Property, Inc. had no probable cause to file the eviction in that the Plaintiff had already been released from the lease prior to default.

48.     The eviction was instituted and prosecuted by Defendant Kabredlo's Property, Inc. maliciously and without probable cause, causing the Plaintiff to be compelled to defend the same and forced the Plaintiff to incur loss of time and money attendant to the defense of the lawsuit and has been made to suffer great embarrassment, humiliation, mental anguish and emotional distress.

49.     The eviction further damaged Plaintiff by causing consumer reporting agencies to report that an eviction has been filed against Plaintiff and irretrievably damaging his credit reputation and impeding his ability to obtain housing.

50.     The conduct alleged above was made and done in reckless disregard of, and indifference to the rights of the Plaintiff thereby calling for an assessment of punitive damages against Defendant Kabredlo's Property, Inc. in order to punish it and to deter it and others from engaging in like conduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant Kabredlo's Property, Inc. on Count II for his actual damages in excess of $75,000.00, as determined by the jury, for punitive damages in such amount as fairly assessed by the jury against the Defendant Kabredlo's Property, Inc., and for his costs and such other relief as the Court may deem just and proper.

### COUNT III

### Abuse Of Process — Defendant Kabredlo's Property, Inc.

COMES NOW Plaintiff and in support of Count III of his cause of action against Defendant Kabredlo's Property, Inc., states and alleges as follows:

8

51.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52.   In filing a new case on a previously adjudicated action, Defendant Kabredlo's Property, Inc., with an ulterior motive, which resulted in damages to the Plaintiff, Defendant Kabredlo's Property, Inc. has abused process and is liable to the Plaintiff for damages.

53.   The eviction further damaged Plaintiff by causing consumer reporting agencies to report that an eviction has been filed against Plaintiff and irretrievably damaging his credit reputation and impeding his ability to obtain housing.

54.   The eviction was instituted and prosecuted by Defendant Kabredlo's Property, Inc. maliciously and without probable cause, causing the Plaintiff to be compelled to defend the same and forced the Plaintiff to incur loss of time and money attendant to the defense of the lawsuit and has been made to suffer great embarrassment, humiliation, mental anguish and emotional distress.

WHEREFORE, Plaintiff prays for judgment against Defendant Kabredlo's Property, Inc. on Count III for his actual damages in excess of $75,000.00, as determined by the jury, for punitive damages in such amount as fairly assessed by the jury against the Defendant Kabredlo's Property, Inc., and for his costs and such other relief as the Court may deem just and proper.

Adam Hunt, Plaintiff.


/s/ Tregg Lunn

9