## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA (LINCOLN)

ADAM L. HUNT,                                   CASE NO. 4:16-cv-03188-JMG-CRZ
          Plaintiff,

          vs.                                   Judge John M. Gerrard
                                                Magistrate Judge Cheryl R. Zwart
EQUIFAX INFORMATION SERVICES,
LLC; TRANS UNION, LLC; FIRST
ADVANTAGE BACKGROUND
SERVICES, CORP.; and KABREDLOS
PROPERTY, INC.;
               Defendants.
               Defendants.

---

### TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

---

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.   For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

COMES NOW Plaintiff Adam L. Hunt ("Plaintiff"), by and through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1.       Plaintiff is a resident of Nebraska.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

2.       Defendant Equifax Information Systems, LLC ("Equifax") is a Delaware Limited Liability Company.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.   At all times relevant hereto, Defendant Equifax was and is engaged in the business of credit reporting, all within Nebraska.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.   Defendants Trans Union LLC ("Trans Union") is an Illinois corporation.

**ANSWER**:   Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

5.   At all times relevant hereto, Defendant Trans Union was and is engaged in the business of credit reporting, all within Nebraska.

**ANSWER**:   Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

6.   Defendant First Advantage Background Services Corp. ("First Advantage") is a Florida corporation.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7.   At all times relevant hereto, Defendant First Advantage was and is engaged in the business of reporting background checks, including eviction information, all within Kansas and Nebraska.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8.     Defendant Kabredlo's Property, Inc. is a Nebraska corporation.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9.     At all times relevant hereto, Defendant Kabredlo's Property, Inc. was and is engaged in the business of leasing residential real estate, all within Nebraska.

**ANSWER**:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

10.     On April 23, 2014, Defendant Kabredlo's Property, Inc. leased an apartment commonly known as 2000 J. St., Apartment 9, Lincoln, Nebraska to Plaintiff and an individual named Zhi Dian.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11.     On February 2, 2015, Plaintiff was released from all obligations under the April 23, 2014 lease by Defendant Kabredlo's Property, Inc., in writing, and Zhi Dian assumed all obligations.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12.     In April, 2015, Defendant Kabredlo's Property, Inc. began eviction proceedings against Zhi Dian to evict him from 2000 J. St., Apartment 9, Lincoln, Nebraska.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13.    In April 2015, Defendant Kabredlo's Property, Inc. filed case number CI154577 in the County Court of Lancaster County alleging Zhi Dian, Plaintiff (Adam Hunt), John Doe and Jane Doe were named as Defendants in the action.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14.    On April 27, 2015, Defendant Kabredlo's Property, Inc. took a default judgment against Zhi Dian and Plaintiff alleging to have obtained service on Plaintiff at 2000 J. St., Apartment 9, Lincoln, Nebraska.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

15.    As of April 27, 2015, Defendant Kabredlo's Property, Inc. was aware that Plaintiff had vacated the property of 2000 J. St., Apartment 9, Lincoln, Nebraska months prior.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

16.    Subsequent to April 27, 2015, Defendants Equifax and Trans Union began reporting on Plaintiff's credit reports that he was liable for a judgment rendered in County Court of Lancaster County for $2,444.00.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17.    Subsequent to April 27, 2015, First Advantage began reporting that Plaintiff had an eviction history, including a judgment rendered in County Court of Lancaster County.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

18.    In December 2015, Plaintiff became aware of the judgment and contacted Defendant Kabredlo's Property, Inc.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19.    After contacting Defendant Kabredlo's Property, Inc., Plaintiff was informed by Defendant Kabredlo's Property, Inc. that he was placed on the lawsuit only because he was the only tenant on the original lease who had a social security number.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20.    Plaintiff was informed by Defendant Kabredlo's Property, Inc. that Defendant Kabredlo's Property, Inc. would file a motion to vacate the judgment as to Plaintiff.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21.   The Motion to Vacate the Judgment was filed and an Order vacating the judgment was entered by the County Court of Lancaster County on December 8, 2015.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22.   The judgment was set aside on December 8, 2015.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23.   Following December 8, 2015, Defendants Equifax, Trans Union, and First Advantage were reporting a judgment as due and owing on Plaintiff's credit report, which is false, inaccurate, and materially misleading to any person or entity who viewed Plaintiff's credit report.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

24.   In November, 2016, Plaintiff, in attempting to relocate to Overland Park, Kansas, applied for housing.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25.   As part of the application process, Plaintiff's rental history, as provided by Defendant First Advantage was obtained by prospective landlords.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26.   First Advantage was reporting (1) an eviction filed on April 14, 2015, (3) an eviction judgment on April 27, 2015 and (3) an eviction judgment as of May 21, 2015.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27.   The First Advantage report did not report the updated status occurring on December 8, 2015 and was incomplete and misleading.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28.   Because the First Advantage report was incomplete and misleading, Plaintiff was denied housing, limited in his choices, and otherwise had to pay more for housing.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

29.     Plaintiff was denied credit and the ability to finance an automobile and secure housing because of Defendant Kabredlo's Property, Inc. wrongful prosecution and Defendants Equifax, Trans Union and First Advantage's lack of procedures to monitor public record once it reports a judgment.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and his credit worthiness.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

31.     Defendants Equifax, Trans Union and First Advantage have no means of monitoring or updating judgments once they are placed on Plaintiff's credit report.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

32.     Defendants Equifax, Trans Union, and First Advantage have been reporting inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information").

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

## COUNT I

### Violations of the FCRA – Defendants Equifax, Trans Union, and First Advantage

COMES NOW Plaintiff and for Count I against the Defendants Equifax, Trans Union, and First Advantage states and alleges to the Court as follows:

33.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER**:   Trans Union reasserts its answers and responses set forth herein.

34.   This is an action for damages brought by an individual consumer against the Defendants First Advantage, Equifax and Trans Unions for violations of the Fair Credit Reporting Act (hereafter "FCRA") 15 U.S.C. § 1681 *et seq.*

**ANSWER**:   Trans Union denies that it violated the FCRA (or any other law).

35.   Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

36.   Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

37.     At all times pertinent hereto, Equifax regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

38.     At all times pertinent hereto, Trans Union, LLC regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

**ANSWER**:     Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

39.     At all times pertinent hereto, First Advantage regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40.    At all times pertinent hereto, the Plaintiff is a [sic] individual and hence a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

41.    At all times pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. § 1681b.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

42.    Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants Equifax, Trans Union, and First Advantage are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. § 1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

43.     The conduct of Defendants Equifax, Trans Union, and First Advantage were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and, as a result, Defendants Equifax, Trans Union, and First Advantage are liable to the Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants Equifax, Trans Union, and First Advantage based on the following requested relief:

a.     Actual damages;

b.     Statutory damages for all willful violations;

c.     Punitive damages [sic]

d.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

e.     Such other and further relief as may be necessary, just and proper.

**ANSWER**:     Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## COUNT II

## **Malicious Prosecution – Defendant Kabredlo's Property, Inc.**

COMES NOW Plaintiff and in support of Count II of his cause of action against Defendant Kabredlo's Property, Inc., states and alleges as follows:

44.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

45.    Defendant Kabredlo's Property, Inc., [sic] maliciously intended to injure the Plaintiff by instituting of an eviction without probable cause for the filing.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

46.    Plaintiff eventually prevailed on the claim when the judgment was set aside.

**ANSWER**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

47.    Defendant Kabredlo's Property, Inc. had no probable cause to file the eviction in that the Plaintiff had already been released from the lease prior to default.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48.    The eviction was instituted and prosecuted by Defendant Kabredlo's Property, Inc. maliciously and without probable cause, causing the Plaintiff to be compelled to defend the same and forced the Plaintiff to incur loss of time and money attendant to the defense of the

lawsuit and has been made to suffer great embarrassment, humiliation, mental anguish and emotional distress.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49.   The eviction further damaged Plaintiff by causing consumer reporting agencies to report that an eviction has been filed against Plaintiff and irretrievably damaging his credit reputation and impeding his ability to obtain housing.

**ANSWER**:   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

50.   The conduct alleged above was made and done in reckless disregard of, and indifference to the rights of the Plaintiff thereby calling for an assessment of punitive damages against Defendant Kabredlo's Property, Inc. in order to punish it and to deter it and others from engaging in like conduct in the future.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff prays for judgment against Defendant Kabredlo's Property, Inc. on Count II for his actual damages in excess of $75,000.00, as determined by the jury, for punitive damages in such amount as fairly assessed by the jury against the Defendant Kabredlo's Property, Inc., and for his costs and such other relief as the Court may deem just and proper.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## COUNT III

### Abuse Of Process – Defendant Kabredlo's Property, Inc.

COMES NOW Plaintiff and in support of Count III of his cause of action against Defendant Kabredlo's Property, Inc., states and alleges as follows:

51.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

52.     In filing a new case on a previously adjudicated action, Defendant Kabredlo's Property, Inc., with an ulterior motive, which resulted in damages to the Plaintiff, Defendant Kabredlo's Property, Inc. has abused process and is liable to the Plaintiff for damages.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

53.     The eviction further damaged Plaintiff by causing consumer reporting agencies to report that an eviction has been filed against Plaintiff and irretrievably damaging his credit reputation and impeding his ability to obtain housing.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

54.    The eviction was instituted and prosecuted by Defendant Kabredlo's Property, Inc. maliciously and without probable cause, causing the Plaintiff to be compelled to defend the same and forced the Plaintiff to incur loss of time and money attendant to the defense of the lawsuit and has been made to suffer great embarrassment, humiliation, mental anguish and emotional distress.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff prays for judgment against Defendant Kabredlo's Property, Inc. on Count III for his actual damages in excess of $75,000.00, as determined by the jury, for punitive damages in such amount as fairly assessed by the jury against the Defendant Kabredlo's Property, Inc., and for his costs and such other relief as the Court may deem just and proper.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**AFFIRMATIVE DEFENSES**

1.    Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.    Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.    Trans Union's reports concerning Plaintiff were true or substantially true.

4.     Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.     Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.     At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.     Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.     Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

_s/ Heather M. Shumaker_____
Heather M. Shumaker, Esq. (IN #28340-49)
(Admitted *Pro Hac Vice*)
Sandra Davis Jansen, Esq. (IN #27803-53)
(Admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  hshumaker@schuckitlaw.com
          sjansen@schuckitlaw.com

*Lead Counsel for Defendant, Trans Union, LLC*

Randall L. Goyette, Esq.
Bar No. 16251
Baylor, Evnen, Curtiss, Grimit & Witt, LLP
1248 O Street, Suite 600
Lincoln, NE  68508
Telephone:  402-475-1075
Fax:  402-475-9515
E-Mail:  rgoyette@baylorevnen.com

*Local Counsel for Defendant, Trans Union, LLC*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **29th day of December, 2016**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Alan J. Stecklein, Esq. <br> aj@kcconsumerlawyer.com | Michael H. Rapp, Esq. <br> mr@kcconsumerlawyer.com |
| Tregg R. Lunn, Esq. <br> tregg@tregglunnlaw.com | Kendall W. Carter, Esq. <br> kcarter@kslaw.com |

      The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **29th day of December, 2016**, properly addressed as follows:

| | |
|---|---|
| None. | |

           *s/ Heather M. Shumaker*
           Heather M. Shumaker, Esq. (IN #28340-49)
           (Admitted *Pro Hac Vice*)
           Sandra Davis Jansen, Esq. (IN #27803-53)
           (Admitted *Pro Hac Vice*)
           Schuckit & Associates, P.C.
           4545 Northwestern Drive
           Zionsville, IN  46077
           Telephone:  (317) 363-2400
           Fax:  (317) 363-2257
           E-Mail:  hshumaker@schuckitlaw.com
                   sjansen@schuckitlaw.com

           *Lead Counsel for Defendant, Trans Union, LLC*